

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Radocesky v. Munley

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Radocesky v. Munley" (2007). *2007 Decisions.* Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-105                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3633
_____

NICHOLAS RADOCESKY; FAITH FRAZIER;
NICHOLAS R. RADOCESKY; DAUGHTER RADOCESKY

v.

ROBERT MUNLEY; CARMEN MINORA; AMY PHILLIPS;
ANDREW JARBOLA, D.A. Lackawanna County;
CHARLES WITACONIS, Assistant Public Defender;
MICHAEL BARRASSE, Lackawanna County Judge;
UNKNOWN CITY SOLICITOR

Nicholas N. Radocesky,
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00553)
District Judge: Honorable James M. Munley
_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
January 25, 2007

Before: McKee, Fuentes and Roth, <u>Circuit Judges</u>

(Filed: June 29, 2007 )

_____

OPINION
_____

PER CURIAM

Appellant Nicholas Radocesky filed an in forma pauperis civil rights action in United States District Court for the Middle District of Pennsylvania against several judges of the Lackawanna County Court of Common Pleas, members of the District Attorney's Office, and members of the Public Defender's Office, alleging that these individuals took advantage of him in convincing him to plead guilty to a misdemeanor possession of a controlled substance charge. Originally, his bail was revoked when he did not plead guilty to a Delivery charge in accordance with the terms of the plea agreement. His public defender then worked out a new agreement that would result in his release if he would plead guilty to a misdemeanor possession charge. He did so, and two other misdemeanor counts were dismissed as a result of the plea. Radocesky is neurologically disabled and suffers from organic brain syndrome, apparently as a result of a serious automobile accident. In an amendment to the complaint, he indicated that he was seeking compensatory and punitive money damages for the sake of his family and to secure their future

In an order entered on June 29, 2006, the District Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The court reasoned that judges are immunized from a suit for damages for acts done in the performance of their judicial duties. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The decision whether or not to initiate or prosecute a case

2

is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976). Finally, no liability attaches under 42 U.S.C. § 1983 for representation of a criminal defendant, because a public defender does not act under color of law in representing his or her client. Polk County v. Dodson, 454 U.S. 312 (1981).[1] Radocesky filed a timely motion for reconsideration, contending that he had alleged a number of "declaratory decree violations" which would not be immunized from suit.

Radocesky appeals. His motion to appeal in forma pauperis was granted by our Clerk and he was notified that his appeal would be considered under 28 U.S.C. § 1915(e)(2)(B).

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Rule 12(b)(6), dismissal of a complaint is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). It is clear here that no relief could be granted under any set of facts that could be proved consistent with the allegations. The District Court properly dismissed the amended complaint on the basis of immunities and the absence of state action. This action does not involve a demand for

---

[1] Radocesky also sought the court's assistance in bringing two unidentified inmates to justice for sexually assaulting him. The court noted for his benefit that it had no authority to bring charges against the inmates.

prospective relief to which the District Court's immunities analysis might not apply.  In addition, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars the action because the conviction has never been invalidated.[2]

We will dismiss the appeal as frivolous.

---

[2] Thomas Gilholy, the Superintendent of the Lackawanna County jail, also was named as a defendant in the original complaint, and the Pennsylvania Board of Probation and Parole, and/or certain of its officials, were named in an amendment.  There are no allegations directed at these defendants and they were thus entitled to dismissal under Rule 12(b)(6) as well.